1

2

3

4

5

6                         **UNITED STATES DISTRICT COURT**

7                         **EASTERN DISTRICT OF CALIFORNIA**

8

9

10

11  JOSE ANDRES OBANDO-SEGURA,          )   Case No.: 1:20-cv-01561-SKO (HC)
                                        )
12              Petitioner,             )   ORDER DIRECTING CLERK OF COURT TO
                                        )   ASSIGN DISTRICT JUDGE TO CASE
13          v.                          )
                                        )   FINDINGS AND RECOMMENDATION TO
14                                      )   DISMISS PETITION FOR LACK OF
                                        )   JURISDICTION
15  PEOPLE OF CALIFORNIA, et al.,       )
                                        )
16              Respondents.            )   [TWENTY-ONE DAY OBJECTION DEADLINE]
                                        )
17

18          Petitioner was convicted of a drug offense in Kern County Superior Court in 2008.  He served

19  a sentence of 60 days in jail, and three years of probation.  He was released from custody in August of

20  2012.  He now petitions for a writ of error *coram nobis*.  As discussed below, the Court finds the

21  petition should be dismissed because Petitioner has failed to satisfy the requirements for the highly

22  unusual remedy of *coram nobis*.

23  **I.      PROCEDURAL HISTORY**

24          In August of 2008, Petitioner was convicted by plea of no contest in the Kern County Superior

25  Court of one count of transporting, importing into the state of California, selling, furnishing,

26  administering, or giving away marijuana/concentrated cannabis, or offering or attempting to engage in

27  one or more such acts, in violation of Health and Safety Code section 11360, subdivision (a). People

28  v. Obando-Segura, 2016 WL 912769, at *2 (Cal. Ct. App. 2016).  As part of his plea agreement, he

                                           1

1  agreed to a "two-year lid" on his sentence.  Id.  On August 19, 2008, imposition of the sentence was

2  suspended, and he was sentenced to 60 days custody in Kern County Jail, followed by three years of

3  probation.  Id.  He did not appeal.

4  On December 19, 2013, Petitioner filed a "Non–Statutory Motion to Vacate or Set Aside the

5  Judgment" in the Kern County Superior Court on the ground that his trial attorney rendered ineffective

6  assistance of counsel.  Id. at *3.  The motion was denied.  On October 21, 2014, Petitioner filed a

7  Wende brief with the California Court of Appeal, Fifth Appellate District, identifying no arguable

8  issues and asking the court to independently review the record.  Id.  On March 10, 2016, the judgment

9  was affirmed.  Id.  Petitioner does not appear to have pursued relief in the California Supreme Court.

10  Petitioner filed his petition for writ of error *coram nobis* in this Court on November 2, 2020.

11  (Doc. 1).

12  **II.     DISCUSSION**

13  A.  Preliminary Review of Petition

14  Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary

15  review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it

16  plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

17  the district court . . . ."  Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).  The Advisory

18  Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus,

19  either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an

20  answer to the petition has been filed.

21  B.  Standard for Writ of Error Coram Nobis

22  "Both the Supreme Court and [the Ninth Circuit] have long made clear that the writ of error

23  coram nobis is a highly unusual remedy, available only to correct grave injustices in a narrow range of

24  cases where no more conventional remedy is applicable."  United States v. Riedl, 496 F.3d 1003,

25  1005–06 (9th Cir. 2007).  The Supreme Court characterized the writ as an "extraordinary remedy" that

26  should be granted "only under circumstances compelling such action to achieve justice."  United

27  States v. Morgan, 346 U.S. 502, 511 (1954); see also Carlisle v. United States, 517 U.S. 416, 429

28  (1996) ("'[I]t is difficult to conceive of a situation in a federal criminal case today where [a writ of

1   coram nobis ] would be necessary or appropriate.'") (quoting United States v. Smith, 331 U.S. 469,

2   475 n. 4 (1947)) (second alteration in original).  The writ has been available to bring before the court

3   only those fundamental "factual errors material to the validity and regularity of the legality of the

4   proceeding itself, such as the defendants being under age or having died before the verdict." Carlisle,

5   517 U.S. at 429.

6          The Ninth Circuit has also described the writ as "extraordinary," Hirabayashi v. United States,

7   828 F.2d 591, 604 (9th Cir. 1997), "used only to review errors of the most fundamental character,"

8   Matus-Leva v. United States, 287 F.3d 758, 760 (9th Cir. 2002), and "fill[ing] a very precise gap in

9   federal criminal procedure," Telink, Inc. v. United States, 24 F.3d 42, 45 (9th Cir. 1994).  The Ninth

10  Circuit adopted the following framework to determine when the writ should issue:

11         [A] petitioner must show the following to qualify for coram nobis relief: (1) a more usual
           remedy is not available; (2) valid reasons exist for not attacking the conviction earlier;
12         (3) adverse consequences exist from the conviction sufficient to satisfy the case or
           controversy requirement of Article III; and (4) the error is of the most fundamental
13         character.

14  Hirabayashi, 828 F.2d at 604.

15         C.  Analysis

16         Petitioner has failed to satisfy the requirements for such an extraordinary remedy.  The more

17  usual remedy in this case would be a petition for writ of habeas corpus filed pursuant to 28 U.S.C. §

18  2254.  While § 2254 relief is no longer available as Petitioner is no longer in custody, he was in

19  custody during the three years of probation following conviction.  In addition, relief was denied in the

20  state courts in 2016 when the Fifth DCA affirmed the Kern County Superior Court's denial of relief.

21  He fails to state why he didn't or could not have filed a § 2254 petition at that point.  Moreover, it

22  appears that Petitioner has failed to exhaust his state remedies by seeking relief in the California

23  Supreme Court.  Petitioner thus fails to satisfy the second requirement set forth above, as he provides

24  no valid reason for not attacking the conviction earlier.

25         Furthermore, Petitioner fails to show that the error is of "the most fundamental character."

26  Hirabayashi, 828 F.2d at 604.  He presents a claim of ineffective assistance of counsel which he

27  presented to the state courts, and he alleges the state court rejection of the claim was unreasonable.

28

3

1   This is a garden-variety habeas claim, not an "error[] of the most fundamental character."  Matus-

2   Leva, 287 F.3d at 760.

3          Consequently, the Court finds that the extraordinary writ of error *coram nobis* should not be

4   available in this case.

5   **III.    ORDER**

6          The Clerk of Court is hereby DIRECTED to assign a District Judge to this case.

7   **IV.    RECOMMENDATION**

8          Accordingly, the Court HEREBY RECOMMENDS that the Petition for Writ of Error *Coram*

9   *Nobis* be SUMMARILY DISMISSED.

10          This Findings and Recommendation is submitted to the United States District Court Judge

11   assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the

12   Local Rules of Practice for the United States District Court, Eastern District of California.  Within

13   twenty-one days after being served with a copy, Petitioner may file written objections with the Court.

14   Such a document should be captioned "Objections to Magistrate Judge's Findings and

15   Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

16   636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive

17   the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18

19   IT IS SO ORDERED.

20   Dated:   **November 10, 2020**                          /s/ *Sheila K. Oberto*

21                                                                      UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

4