UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANDRES OBANDA-SEGURA,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE OF CALIFORNIA, *et al.*,<br><br>    Respondents. | No. 1:20-cv-01561-NONE-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF ERROR *CORAM NOBIS*<br><br>(Doc. Nos. 1, 9) |

Petitioner, proceeding *pro se* is before the court on a petition for writ of error *coram nobis*. (Doc. No. 1.) Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302, this action was referred to a United States Magistrate Judge. On November 10, 2020, the assigned magistrate judge issued findings and recommendations finding that in this action petitioner presented "a garden-variety habeas claim, not an 'error[] of the most fundamental character'" and that a petition for writ of error *coram nobis* was not cognizable. (Doc. No. 9 at 4) (quoting *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002)). The findings and recommendations also concluded that petitioner had failed to state a cognizable claim for federal habeas relief and that even if he had, any such claim was unexhausted. (Id at 3-4.) Accordingly, the magistrate judge recommended that the pending petition be summarily dismissed. (Id.) On November 30, 2020, petitioner filed timely objections to the findings and recommendations. (Doc. No. 11.) In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a de novo

review of the case and, for the reasons explained below, will adopt the pending findings and recommendations in full.

In May 2008, petitioner pled no contest in the Kern County Superior Court to selling, furnishing, administering, or giving away marijuana/concentrated cannabis, or offering or attempting to engage in one or more such acts, in violation of California Health and Safety Code § 11360(a) and was sentenced to a three year term of probation and 60 days in the custody of the Kern County Sheriff. *Obando-Segura*, FO69378, 2016 WL 912769, at *2 Cal. Ct. App. Mar. 10, 2016). After completing his state court imposed term of probation in August 2012, petitioner was taken into custody by federal immigration officials for removal or deportation as a result of his criminal conviction. *Obando-Segura*, 2016 WL 912769, at *3. According to petitioner, he was released from immigration custody in October 2014, and was again taken into immigration custody in 2016 and was released in February 2019. (Doc. No. 11 at 1–2).

In December of 2013, petitioner filed a motion in the Kern County Superior Court to vacate or set aside his criminal conviction. *Obando-Segura*, 2016 WL 912769, at *1, 3. Thereafter, appointed counsel on his behalf filed a motion before that court seeking to withdraw petitioner's previously entered guilty plea. *Id*. Both motions were denied. *Id*. Petitioner appealed to the California Court of Appeal, arguing that his attorney in his criminal case had failed to advise him of the immigration consequences of his guilty plea and, as a result, provided him ineffective assistance of counsel. *Obando-Segura*, 2016 WL 912769, at *1, 4. The California Court of Appeal rejected this claim, and petitioner did not petition the California Supreme Court for review.[1] *Id.* at 4. Nonetheless, petitioner now brings the same ineffective-assistance-of-counsel claim before this federal court under 28 U.S.C. §§ 2254 and 1651(a).

As an initial matter, federal habeas relief under § 2254 is not available to petitioner with respect to his claim because he is no longer in state custody. *See Lackawanna Cty. Dist. Attorney*

---

[1] The California Court of Appeal observed that on the change of plea form that petitioner signed, it stated, "I understand that if I am not a Citizen of the United States, my guilty or no contest plea will result in my deportation, exclusion from admission, or denial of naturalization pursuant to the laws of the United States." *Obando-Segura*, 2016 WL 912769, at *2. At the change of plea hearing, petitioner expressed that he understood the plea form that he signed and had no questions about it. *Id.*

*v. Coss*, 532 U.S. 394, 401 (2001) ("The first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'"); *see also Ikharo v. Dewine*, No. 2:12-CV-489, 2013 WL 2620264, at *2 (S.D. Ohio June 11, 2013) ("Petitioner's immigration status constitutes a collateral consequence of his conviction that is insufficient to satisfy the 'incustody' requirement for federal habeas corpus proceedings, without which this Court lacks jurisdiction to consider Petitioner's 2254 petition.)

As to §28 U.S.C. § 1651(a), or the All Writs Act as it is alternatively known, federal courts may grant *coram nobis* relief if it is "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *United States v. George*, 676 F.3d 249, 253 (1st Cir. 2012) (quoting 28 U.S.C. § 1651(a)). "Both the Supreme Court and [the Ninth Circuit] have long made clear that the writ of error *coram nobis* is a highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." *United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007) (alteration in original); *see also Carlisle v. United States*, 517 U.S. 416, 429 (1996) ("[I]t is difficult to conceive of a situation in a federal criminal case today where [a writ of *coram nobis*] would be necessary or appropriate."). To obtain *coram nobis* relief, petitioner must establish, among other things, that the challenged conviction resulted from "errors of fact" that are "the most fundamental character" such that "the proceeding itself [was] irregular and invalid." *United States v. Mayer*, 235 U.S. 55, 69 (1914) (alteration in original). Here, the undersigned concludes that the pending findings and recommendations are supported by the record and proper analysis, notwithstanding petitioner's objections. Although petitioner asserts in his objections that there was an error the state court erred as a matter of law, he has failed to establish a factual error that rendered the "the proceeding itself irregular and invalid." *Mayer*, 235 U.S. at 69. Accordingly, petitioner is not entitled to *coram nobis* relief and the pending findings and recommendations will be adopted.

The court must now turn to whether a certificate of appealability should be issued. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v.*

*Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  Courts should issue a certificate of appealability only if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further.  Therefore, the court declines to issue a certificate of appealability.

      Accordingly, the court orders as follows:

1. The findings and recommendations, filed November 12, 2020 (Doc. No. 9), are ADOPTED;
2. The petition for writ of habeas corpus and writ of error *coram nobis* is DISMISSED with prejudice;
3. The court DECLINES to issue a certificate of appealability; and
4. The Clerk of Court is DIRECTED to assign a district judge to this case for the purpose of closing the case and then to close this case.

IT IS SO ORDERED.

Dated:   **January 4, 2021**                              *Dale A. Drozd*
                                                          UNITED STATES DISTRICT JUDGE